JAP:MPC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M10-1411**

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

  - against -

RUSSELL OCHOCKI,

        Defendant.

AFFIDAVIT AND COMPLAINT
IN SUPPORT OF AN ARREST
WARRANT

M. No._____
(18 U.S.C. § 2252(a)(2))

- - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS.:

      Thomas Thompson, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation (the "FBI"), duly appointed according to law and acting as such.

      On or about and between April 5, 2010 and September 9, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RUSSELL OCHOCKI did knowingly receive and distribute any visual depiction, the production of such visual depiction having involved the use of one or more minors engaging in sexually explicit conduct and such visual depiction was of such conduct, using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce or which contains materials which have been mailed or so shipped or transported, by any means including by computer.

      (Title 18, United States Code, Section 2252(a)(2)).

The source of my information and the grounds for my belief are as follows:[1]

1. I have been a Special Agent of the FBI since December 2004, and am currently assigned to the New York Office. Since September 2007, I have been assigned to the Crimes Against Children squad. I have been assigned to investigate violations of criminal law relating to the sexual exploitation of children. I have gained expertise in this area through training in classes and daily work related to conducting these types of investigations. As part of my responsibilities, I have been involved in the investigation of numerous child pornography cases and have reviewed thousands of photographs depicting children (less than eighteen years of age) being sexually exploited by adults. Through my experience in these investigations, I have become familiar with methods of determining whether a child is a minor. I am also a member of the Eastern District of New York Project Safe Childhood Task Force.

2. I am familiar with the information contained in this affidavit based on my own personal participation in the investigation, my review of documents, my training and experience, and discussions I have had with other law enforcement personnel concerning the creation, distribution, and proliferation of child pornography. Additionally, statements attributable to individuals

---

[1] Because the purpose of this complaint is merely to establish probable cause to arrest, I have not set forth all of the facts and circumstances concerning this investigation of which I am aware.

herein are set forth in sum and substance and in part.

**THE FBI INVESTIGATION**

3.   On or about April 5, 2010, an FBI Special Agent working in an undercover capacity ("Undercover Agent") signed into a peer-to-peer (P2P) program, which is publicly-available, via an internet-connected computer located within the FBI Kansas City Division.  The Undercover Agent memorialized the session by intermittent video capture using a computer program called Camtasia.  Any download activity from the session was monitored via a Network Monitoring Program.

4.   Upon signing in to the publicly available P2P file sharing program, the Undercover Agent observed that the user "Chrisup" was online.  The Undercover Agent proceeded to browse "Chrisup"'s shared directories and observed files depicting images and titles indicative of child pornography.

5.   The Undercover Agent downloaded sixty-eight (68) files from "Chrisup," and a later review of these files by the affiant revealed that thirty-one (31) of them appeared to be child pornography.[2]  Several of these images, which are available for the

---

[2] Although still images of apparent child pornography can be created using "morphing" technology and the identity of these minors are not known to law enforcement (i.e., the identity and age of the children have not been discovered by law enforcement), it appears that these images involve the use of actual (i.e. non-virtual) minors engaging in sexually explicit conduct. This conclusion is also based upon my consultation with other agents experienced in determining whether child pornography images depict real children. In addition, based upon my experience in child pornography investigations, I have found that collectors of child pornography generally have in their collections both images which depict children known to law enforcement and images in which the

Court's review, are described as follows:

    a.  **aard_200_(3)(3).jpg** is a photo of a partially clothed prepubescent boy, approximately eight years old, bent over, exposing his genitals and anus.

    b.  **aard_uju(35)(2).jpg** is a photo of a partially clothed adult male and a prepubescent boy, approximately eight years old, lying on a bed. The adult male's fingers are on the boy's penis.

    c.  **lalin 013.jpg** is a photo of a prepubescent boy, approximately seven years old, lying down naked exposing his genitalia.

    d.  **PaulQ42d.jpg** is a photo of a nude prepubescent boy, approximately seven years old, lying down, with his right hand holding his penis.

6. The Undercover Agent used the Network Monitoring Program to identify the IP address utilized by "Chrisup" as 98.14.56.8. Open source database searches revealed the IP address 98.14.56.8 was registered to Time Warner Cable.

7. Records obtained from Time Warner Cable by administrative subpoena showed that the IP address 98.14.56.8 was subscribed to "Russell Ochocki." The address associated with this IP address and Russell Ochocki was in Long Island City, New York 11101.

8. On or about September 9, 2010 a search was conducted at the home of OCHOCKI. Among the items seized during the search

---

identities of the children depicted are not yet known to law enforcement. Moreover, where, as here, an individual is a member of a hardcore pedophile/child pornography network which is not accessible by casual web-browsing, the likelihood that such an individual is in possession of child pornography depicting real children is extremely high.

warrant was an external hard drive that contained the child pornography.

9. On or about September 9, 2010, I interviewed RUSSELL OCHOCKI, who resides at the subject Long Island City address. OCHOCKI admitted that he had used P2P file sharing program to download and share child pornography, and that his user name was "Chrisup." He stated that the external hard drive recovered by the agents belonged to him.

WHEREFORE, your affiant respectfully requests that the Court issue an arrest warrant for the defendant RUSSELL OCHOCKI so that he may be dealt with according to law.

Thomas Thompson
Special Agent - FBI

Sworn to before me this
29th day of November, 2010

UNITED S'      GE
EASTERN I

S/ Levy

-5-